UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALEXANDER PAUL,

      **Plaintiff,**

v.                           **CASE NO.:**

WILLIAM C. SCHULTZ,
in his official capacity as
Chief of Police for
FORT LAUDERDALE
POLICE DEPARTMENT,

      **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ALEXANDER PAUL (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant WILLIAM C. SCHULTZ, in his official capacity as Chief of Police for FORT LAUDERDALE POLICE DEPARTMENT (hereinafter "Defendant"), and states the following:

**NATURE OF CASE**

1. This is a claim by Plaintiff against his former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), 42 U.S.C. §1981a, and the Americans with

Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"). As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2.     Plaintiff was hired by Defendant in or around August of 2015.

3.     At the time of his termination, Plaintiff worked for Defendant as a Police Officer.

4.     Defendant is a city police department.

## JURISDICTION & VENUE

5.     Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII and the ADAAA. An express grant of federal court jurisdiction over these federal claims are found in Title VII at 42 U.S.C.§2000e-5(f)(3) and the ADA Amendments Act of 2008

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims.

7.     The acts and omissions giving rise to this action occurred in Ft. Lauderdale, Florida.

2

8. Defendant conducts business in Ft. Lauderdale, Florida.

9. Plaintiff was employed with Defendant in Ft. Lauderdale, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in Southern District because the illegal conduct occurred within the judicial district in and for this District.

### STATUTORY PREREQUISITES

14. Plaintiff is an African-American male with a disability.

15. Plaintiff suffered discrimination based on his race and disability.

16. Plaintiff was retaliated against for his complaints of race and disability discrimination.

17. Plaintiff was recently diagnosed with insomnia, for which he has been prescribed medication to help him sleep.

18. Plaintiff brought this to the attention of his supervisors and requested to be accommodated and transferred to a different unit with a set "call out" schedule.

19. Plaintiff is a member of a class of individuals protected by Title

VII, the FCRA, 42 U.S.C. §1981a and the ADAAA.

20.    Plaintiff was qualified for his position of employment as a Police Officer.

21.    The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the FCRA, 42 U.S.C. §1981a and the ADAAA.

22.    Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the FCRA, 42 U.S.C. §1981a and the ADAAA.

23.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 10, 2023.

24.    The Department of Justice issued a Notice of Right to Sue on September 15, 2023.

25.    Plaintiff brings this suit within ninety (90) days of receipt of his Notice of Right to Sue.

26.    Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

27.    Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTUAL ALLEGATIONS

28.    Plaintiff began working for the Fort Lauderdale Police Department in August of 2015.

4

29. He worked roughly 40 hours per week as an officer earning $94,931.00 annually.

30. Plaintiff was subject to random "call outs" during off time and nights on the specialized unit without ample warning or without standby pay.

31. Most call outs tend to be throughout the night, which require officers to be on call and tend to their work obligations should an issue arise.

32. Other officers have successfully been able to avoid doing "call outs" if they have circumstances that would make it burdensome for them to be on call.

33. Plaintiff was recently diagnosed with insomnia, for which he has been prescribed medication to help him sleep.

34. When he takes the medication, he is unable to come out for the "call outs," which is considered overtime.

35. Plaintiff brought this to the attention of his supervisors and requested to be accommodated and transferred to a different unit with a set "call out" schedule.

36. The department has set a precedent of favoritism that has allowed Caucasian detectives the opportunity to laterally transfer these duties with other detectives within the detective bureau when personal circumstances arise that prevent them from fulfilling activities that are beyond the duty in their current role.

37. This opportunity was not afforded to Plaintiff, and he was told there were no positions available, when in fact there were.

38. Despite there being several vacancies in different units, Plaintiff was told that he cannot join a different unit, and he was instead transferred to the role of patrol officer, to which he was dissatisfied.

39. Additionally, out of roughly 110 detectives within the department, only eight are African American, which demonstrates a clear disparity.

40. Plaintiff believes that his race also plays a role in being denied an accommodation for "call outs," as his white counterparts receive accommodation for circumstances that make it burdensome for them to be on call.

41. Plaintiff was placed on administrative leave within a month of filing his February 9, 2023, EEOC charge, for conduct that occurred in June of 2019.

41. Ultimately, Plaintiff was eventually terminated on October 10, 2023, for the conduct occurring in June of 2019.

42. Plaintiff also asked if there was a different position that he could work in to accommodate his medical condition.

43. Defendant refused to engage in the interactive process to find another position that would comply with his accommodation needs.

6

44.     Instead of working with Plaintiff to find another position he could do, Defendant kept Plaintiff's employment in his same position but eventually terminated him.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION TITLE VII

45.     Plaintiff realleges and adopts allegations contained in paragraphs 1-5, and 7-43, as though fully stated herein.

46.     Plaintiff is a member of a protected class because he is African-American.

47.     At all material times, Plaintiff was qualified to perform his job duties.

48.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of his race.

49.     Defendant did not subject the non-African-American employees to discriminatory treatment.

50.     Plaintiff suffered an adverse employment action when he was terminated.

51.     The discrimination to which Plaintiff was subjected was based on his race.

52. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

53. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

56. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

c.    require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.    compensatory damages;

e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.    judgment interest, and, if applicable, post-judgment interest;

g.    reasonable attorneys' fees and litigation expenses against Defendant; and

h.    any additional relief that this Court deems just.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

57.    Plaintiff realleges and adopts allegations contained in paragraphs 1-5, and 7-44, as though fully stated herein.

58.    Plaintiff engaged in statutorily protected activity when he complained to Defendant regarding the discriminatory behavior against him.

59.    Plaintiff suffered an adverse employment action when he was terminated.

60.    A causal connection exists between the protected activity and the adverse action.

9

61.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of his complaints.

62.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

63.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

65.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

66.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a.      judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.      require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

c.      require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT III
## RACE DISCRIMINATION IN VIOLATION OF FCRA

67.     Plaintiffs realleges and adopts all allegations contained within paragraphs 1-43 as though fully stated herein.

68.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

69.     Defendant discriminated against Plaintiff based on his race.

11

70.     Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

71.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

72.     At all material times, Plaintiff was qualified to perform his job duties.

73.     Defendant discriminated against Plaintiff because of his race.

74.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

75.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

76.     Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1-44, as though fully stated herein.

77.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

78.     At all material times, Plaintiff was qualified to perform his job duties.

79.     Defendant retaliated against Plaintiff because of his complaints about race discrimination.

80.     Plaintiff engaged in statutorily protected activity when he complained to Defendant regarding the discriminatory behavior against him.

81.     Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

82.     The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT V
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

83.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-43 above.

84.     Plaintiff is an African-American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

14

85.   At all times material, Plaintiff was an employee of the Defendant.

86.   At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

87.   Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

88.   Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

89.   Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

90.     Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

91.     Based on the foregoing allegations as set forth in paragraphs 1-33 the Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Non-pecuniary damages afforded under Section 1981;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

16

## COUNT VI
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981

92.   Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-44 above.

93.   Plaintiff is an African American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

94.   At all times material, Plaintiff was an employee of the Defendant.

95.   At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

96.   Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating and retaliating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

97.   Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or

similar employment related contract(s), agreements or relationships with the Defendant.

98.     To this end, Plaintiff engaged in protected activity by complaining of disparate treatment.

99.     Plaintiff suffered an adverse action.

100.    Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

101.    Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

102.    Based on the foregoing allegations as set forth in paragraphs 1-33, Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating and retaliating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the

performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Non-pecuniary damages afforded under Section 1981;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT VII
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION

103.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-5, 7-35, 37-38, and 41-43, above.

104.   Plaintiff's medical conditions and restrictions were a motivating cause of Defendant's discriminatory behavior towards Plaintiff, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

105.   Defendant's conduct, including but not limited to its refusal allow him time off to care for himself or to engage in any dialogue regarding making a

reasonable accommodation, discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of employment because of Plaintiff's disability and/or perceived disability.

106. As a natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

107. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against disability discrimination as to entitled Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

108. The disability discrimination Plaintiff suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

109. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it,

from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b.     Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's discriminatory acts;

c.     Awarding judgment against Defendant for compensatory damages;

d.     Awarding judgment against Defendant for punitive damages;

e.     Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f.     Awarding Plaintiff his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.     Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in his favor in this action; and

h.     Granting such other and further relief as the Court deems just.

## COUNT VIII

## RETALIATION IN VIOLATION OF THE ADAAA

110. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-5, 7-35, 37-38, and 41-44, above.

111. Plaintiff requested a reasonable accommodation for his disability/perceived disability. This constituted protected activity under the ADAAA.

112. Plaintiff was terminated instead of being moved to a different department or being granted a different assignment.

113. Upon information and belief, Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for Plaintiff could care for himself, and resulting termination of Plaintiff's employment, was, in whole or in part, motivated by Plaintiff's request for accommodation.

114. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

115. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

116. The retaliation Plaintiff suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

117.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.     Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b.     Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c.     Awarding judgment against Defendant for compensatory damages;

d.     Awarding judgment against Defendant for punitive damages;

e.     Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f.     Awarding Plaintiff him costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.     Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of

23

any damage award entered in his favor in this action; and

h.      Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this  __14th_ day of December, 2023.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
1560 N. Orlando Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff